## COLOMBO *v.* NEW YORK

No. 71–352.   Decided February 22, 1972

PER CURIAM.

Despite a grant of immunity in response to the assertion of his Fifth Amendment privilege not to be a witness against himself, petitioner refused to answer questions put to him before a Kings County, New York, grand jury. On December 7, 1965, a trial judge found that

the questions put had been proper and directed petitioner to answer them. Petitioner refused; the trial court, after allowing petitioner a week's time to change his mind, signed a commitment order stating that by "his contumacious and unlawful refusal after being sworn as a witness to answer any legal and proper interrogatories and for his wilful disobedience to the lawful mandate of this Court" petitioner had "committed a criminal contempt of court in the immediate view and presence of the Court and that said contempt was wilful and unlawful and in violation of Section 750 of the Judiciary Law of the State of New York . . . ." Petitioner was sentenced to 30 days and fined $250.

Appellate proceedings proved fruitless. Petitioner then offered to testify, the offer was refused, and petitioner paid his fine and served his sentence. On October 10, 1966, petitioner was indicted under § 600, subd. 6, of the New York Penal Law of 1909 "for his contumacious and unlawful refusal, after being duly sworn as a witness, to answer legal and proper interrogatories." The trial court dismissed the indictment on double jeopardy grounds but the appellate court reversed. The reversal was sustained by the Court of Appeals, which concluded that the Fourteenth Amendment and the double jeopardy provision of the Fifth Amendment did not bar the indictment. The court reasoned that petitioner had committed two acts of contempt—one on October 14, 1965, before the grand jury, and the other on December 7 when he refused to obey the order of the judge—and that the trial judge had committed petitioner for civil, not criminal, contempt.

The judgment of the Court of Appeals must be vacated. The judgment of the New York trial court entered on December 15, 1965, was for "criminal contempt," petitioner was sentenced to a definite term in jail and ordered to pay a fine, and neither the prosecutor nor the trial court

considered his offer to testify as sufficient to foreclose execution of the sentence. For purposes of the Double Jeopardy Clause, petitioner was confined and penalized for criminal contempt. *Yates* v. *United States,* 355 U. S. 66 (1957); see also *Cheff* v. *Schnackenberg,* 384 U. S. 373 (1966); *Shillitani* v. *United States,* 384 U. S. 364 (1966); *Oriel* v. *Russell,* 278 U. S. 358 (1929). To the extent that the judgment of the Court of Appeals rested on a contrary view, it must be set aside. It also appears from its supplemental response that the State considers the two acts of contempt on October 14 and on December 7 as being partially intertwined. As we understand it from the State's response, petitioner's refusal to answer on October 14 did not mature into a complete contempt until December 7 when the trial court passed on the propriety of the grand jury's inquiry and petitioner thereafter refused to obey the court's direction to return to the grand jury and answer the questions properly put to him.

In view of the New York Court of Appeals' misconception of the nature of the contempt judgment entered against petitioner for purposes of the Double Jeopardy Clause and in view of the substantial question of New York law that has emerged, we are disinclined at this juncture to entertain and determine the double jeopardy question presented by petitioner. The better course is to grant the petition for writ of certiorari, vacate the judgment of the New York Court of Appeals, and remand the case to that court for further proceedings not inconsistent with this opinion, thus affording that court the opportunity to reconsider the validity of the indictment under the Double Jeopardy Clause of the Constitution.

*So ordered.*

MR. JUSTICE DOUGLAS, dissenting.

On October 14, 1965, petitioner refused to testify when called before a Kings County, New York, grand jury. When, on December 15, after a grant of immunity

12

and a judicial inquiry into the validity of the grand jury investigation under state law, the petitioner persisted in his refusal to testify, the presiding judge cited him for contempt and imposed a sentence of 30 days and a fine of $250.[1] Despite petitioner's later willingness to testify, the sentence was executed.

The grand jury then returned an indictment against petitioner charging him with criminal contempt for his refusal to testify.[2] Petitioner successfully moved to quash the indictment, but on appeal it was reinstated and upheld against petitioner's contention that it put him twice in jeopardy for the same offense in violation of the Fifth Amendment. *People* v. *Colombo,* 25 N. Y. 2d 641, 254 N. E. 2d 340. We granted the petition for certiorari, vacated the judgment of the New York Court of Appeals, and remanded for consideration in light of *Waller* v. *Florida,* 397 U. S. 387. 400 U. S. 16. On remand, however, the Court of Appeals adhered to its earlier decision, reasoning that the first citation was for civil contempt while the indictment charged a criminal offense and that "two distinct acts [were] being punished—refusal to testify before the Grand Jury and a separate refusal to obey the lawful mandate of a Supreme Court Justice." 29 N. Y. 2d 1, 3, 271 N. E. 2d 694, 695.

The Court of Appeals' characterization of the December 15 citation as "civil" rather than criminal is not dispositive of the question before us. To be sure, federal courts normally are bound by state court interpretations of state law, but involved here is a question of federal right under the Double Jeopardy Clause. In such cases, federal rather than state law governs. Suffice it to say that a 30-day sentence and a $250 fine imposed for refusal

---

[1] This contempt citation rested upon § 750 of the New York Judiciary Law.

[2] The present indictment is founded upon the former § 600 of the New York Penal Law.

to testify before a grand jury constitutes criminal punishment within the meaning of the double jeopardy provision of the Bill of Rights, at least where the witness' willingness to purge himself of contempt by testifying does not result in the vacation of the sentence.  *Shillitani* v. *United States,* 384 U. S. 364, relied upon by respondent, is not to the contrary.   There, we held "that the conditional nature of [the] sentences [allowing the contemnors to purge themselves by agreeing to testify] render[ed] each of the actions a civil contempt proceeding . . . ." *Id.,* at 365.   In the present case, by contrast, the jail sentence and fine was imposed despite petitioner's willingness to testify.

Nor does the characterization of the two contempts as involving different acts avoid the prohibition against twice being put in jeopardy for the same offense.   The 30-day sentence and $250 fine were imposed, *inter alia,* for the petitioner's "refusal after being sworn as a witness to answer any legal and proper interrogatories." This is precisely the offense charged in the present indictment.   Respondent lists five elements [3] for the offense of

---

[3] Respondent says that "[i]n order to prove the crime of criminal contempt, the following elements must be shown:

"1. That the defendant did unlawfully and contumaciously refuse to answer a legal and proper question before the Grand Jury.

"2. That the quorum of the Grand Jury was present at all times, on any such day when the defendant testified and when the indictment was voted.

"3. That the question which is claimed that the defendant refused to answer was a legal and proper one.

"4. That any such question asked of the defendant, and which, it is charged he refused to answer, was relevant and germane to the investigation being conducted by the Grand Jury.

"5. That the defendant was duly sworn as a witness and contumaciously and unlawfully refused to answer any such legal and proper question."   Supplemental Brief 6.

All of these elements—with the exception of the proviso "when the indictment was voted" which relates to the sufficiency of the indictment rather than being a separate element of the offense—were

criminal contempt. All of these elements were necessarily included in the trial court's earlier citation for "civil" contempt. Petitioner need not "run the gantlet" on this offense a second time.[4] *Green* v. *United States*, 355 U. S. 184, 190.

---

plainly included in the "civil" contempt. The "witness's contumacious and unlawful refusal to answer questions," *ibid.*, stems from the refusal to obey the trial court's order which also formed the basis for the December 15 citation.

[4] I agree with MR. JUSTICE BRENNAN's concurring opinion in *Ashe* v. *Swenson*, 397 U. S. 436, 453–454, where he said:

"In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction. This 'same transaction' test of 'same offence' not only enforces the ancient prohibition against vexatious multiple prosecutions embodied in the Double Jeopardy Clause, but responds as well to the increasingly widespread recognition that the consolidation in one lawsuit of all issues arising out of a single transaction or occurrence best promotes justice, economy, and convenience." (Footnotes omitted.)

It would be repugnant to these views to allow a separate criminal prosecution and punishment for each day, hour, or minute that a witness refused to testify before a grand jury.