THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ANTHONY RUGGIANO, Respondent.

Second Department, May 22, 1972.

*Eugene Gold, District Attorney (Arthur S. Friedman* of counsel), for appellant.

*Joseph Panzer (Arnold E. Wallach* of counsel), for respondent.

SHAPIRO, J. The indictment charges criminal contempt in violation of subdivision 4 of section 215.50 of the Penal Law, a class A misdemeanor (subsequent to the indictment herein, section 215.51 of the Penal Law, which makes a criminal contempt of a Grand Jury a class E felony, became effective and such contempts were removed from subdivision 4 of section 215.50). It arises out of the defendant's refusal to answer questions posed by a Grand Jury investigating the succession to the " organized crime syndicate, which was formerly headed by Joseph Bonnano " (minutes of Grand Jury, Jan. 15, 1970).

There is no merit to the defendant's contention that he cannot be held to have committed a contempt on the ground that no member of the Grand Jury had directed him to answer. Cases such as *Quinn* v. *United States* (349 U. S. 155) and *Raley* v. *Ohio* (360 U. S. 423) are not in point. In those cases the defendants were cited for contempt of Congress for refusal to answer questions put by the House Committee on Un-American Activities. Their refusals were based upon claims of Fifth Amendment privilege. After asserting their privilege against self incrimination, they were not directed to answer. The Supreme Court held that it was unnecessary to reach the question whether the claims of privilege had been properly interposed. Instead it held that, since the committee had never rejected the claims of privilege, the defendants had never been confronted with a clear-cut choice between compliance and noncompliance, but had been left to guess whether their claims had been accepted or rejected.

This case is not analogous. Here, after refusing to answer questions, the defendant was granted immunity. He persisted in his refusal. He was then excused and told to confer with an attorney. On his next appearance, February 10, 1970, immunity was again explained to him. He was told that, immunity having been conferred upon him, he could only be prosecuted for perjury or for contempt if he refused to answer questions. Having been so warned, he refused to answer. Under the circumstances, that refusal to answer (which was not asserted on a claim of privilege) can only have been asserted in recognition of the consequences which were explained to him and was therefore the result of a deliberate choice.

On February 26, 1970, 16 days after his last appearance before the Grand Jury, the defendant was brought before Mr. Justice Starkey, who directed him to return to the Grand Jury and testify. He refused and was sentenced, pursuant to section 750 of the Judiciary Law, to a term of 30 days' imprisonment and a fine of $250. He now asserts that the indictment, which was returned pursuant to subdivision 4 of section 215.50 of the Penal Law, violates the double jeopardy provisions of the Fifth and Fourteenth Amendments. That issue is still an open one.

The instant indictment is authorized by section 215.55 of the Penal Law, which provides: "Adjudication for criminal contempt under subdivision A of section seven hundred fifty of the judiciary law shall not bar a prosecution for the crime of criminal contempt under section 215.50 based upon the same conduct but, upon conviction thereunder, the court, in sentencing the

defendant shall take the previous punishment into consideration. ''

The Court of Appeals was confronted with a similar double jeopardy problem in *People* v. *Colombo* (29 N Y 2d 1), upon remand from the Supreme Court (*sub nom. Colombo* v. *New York,* 400 U. S. 16), in which it held that a commitment pursuant to section 750 of the Judiciary Law is not the result of a criminal prosecution, but is '' civil in nature and, hence, the doctrine of former jeopardy is not applicable '' (p. 4). On the second appeal the Supreme Court once again remanded to the Court of Appeals. It held (*sub nom. Colombo* v. *New York,* 405 U. S. 9) that for double jeopardy purposes the finding of contempt pursuant to section 750 of the Judiciary Law was a finding in a criminal prosecution. The remand directed the Court of Appeals to '' reconsider the validity of the indictment under the Double Jeopardy Clause of the Constitution.'' (p. 11).

By reason of the advice here given the defendant when immunity was conferred upon him, we find it unnecessary to reach the question whether the contempt commitment on February 26, 1970 bars the instant indictment under the Double Jeopardy Clause. When granted immunity the defendant was advised: '' Mr. Ruggiano, you have been granted immunity which takes the place of your privilege against self-incrimination and the only crimes that you can be convicted of after you have been granted immunity is perjury, that is if you tell a lie, or if you refuse to answer a question. That means you can be guilty of contempt which means you can be eligible for a sentence of thirty days or a fine of up to two hundred and fifty dollars or a combination of both. Do you understand? ''

A violation of the criminal contempt provisions of subdivision 5 of section 750 of the Judiciary Law, which are virtually identical with those of subdivision 4 of section 215.50 of the Penal Law, carries with it a sentence of up to 30 days and a fine of up to $250 (Judiciary Law, § 751).

The defendant was therefore advised that, once having been granted immunity, he was liable *only* to a perjury prosecution if he answered falsely, or to punishment for violation of section 750 of the Judiciary Law if he refused to answer. Based upon that advice the defendant elected not to answer the questions. He, therefore, cannot now be prosecuted for a different crime carrying with it different and additional punishment for such refusal. As noted in *People* v. *Masiello* (28 N Y 2d 287, 291), '' fundamental fairness also suggests that a witness, who is

also a potential criminal defendant, should not be misadvised concerning the scope of immunity if the grant of immunity has been amplified or explained in any way."

The order dismissing the indictment should therefore be affirmed.

LATHAM, Acting P. J., GULOTTA, CHRIST and BRENNAN, JJ., concur.

Order of the Supreme Court, Kings County, dated December 23, 1971, affirmed.