In the Matter of BRUNO CAPIO, Petitioner, *v.* JUSTICES OF THE SUPREME COURT, KINGS COUNTY, et al., Respondents.

Second Department, April 2, 1973.

*Michael I. Winter* for petitioner.

*Eugene Gold, District Attorney (Ronald M. Kleinberg* of counsel), respondent in person.

*Louis J. Lefkowitz, Attorney-General (Stanley L. Kantor* of counsel), for Justices, respondents.

SHAPIRO, J. In this proceeding pursuant to article 78 of the CPLR the petitioner seeks an order prohibiting the respondents from proceeding with the trial of Indictment No. 1666/1970, which charges him with criminal contempt in violation of subdivision 4 of section 215.50 of the Penal Law.

The application should be granted.

In compliance with a subpoena, the petitioner appeared before the Kings County Grand Jury on January 27, 1970. Upon being interrogated before that body, he asserted his constitutional

privilege against self incrimination and refused to answer any of the questions asked of him. He was thereupon given full and complete immunity from prosecution by the Grand Jury and was warned of the possible effect of his refusal to answer in the following language: " Q. Let me again warn you that your refusal to answer in this manner is not substantiated by law and leaves you open for prosecution for the crime of criminal contempt under the judicial law of New York where you can be put in jail for up to thirty days and also, in addition to that, leaves you open for an indictment by this grand jury for the crime of criminal contempt under the penal law of the State of New York whereby you could possibly go to jail for up to a year if you are found guilty. Do you understand? " He replied that he understood the warning and that he would continue to refuse to answer any questions propounded to him.

Thereafter the petitioner, on March 12, 1970, was directed by the court to return to the Grand Jury and to answer their questions. The petitioner refused to comply with the court's direction. On March 19, 1970 the court adjudged him guilty of criminal contempt of court " for his contumacious and unlawful refusal after being sworn as a witness to answer any legal and proper interrogatories [before the Grand Jury]. and for his wilful disobedience to the lawful mandate of this Court " and because " said contempt was wilful and unlawful and in violation of Section 750 of the Judiciary Law of the State of New York." The petitioner was thereupon ordered to be imprisoned for 30 days and to pay a fine of $250. The imprisonment was served and the fine paid.

Thereafter and on June 10, 1970 the petitioner was indicted for having committed a criminal contempt, in violation of section 215.50 of the Penal Law in the following language:

" Pursuant to a Grand Jury subpoena, said BRUNO CAPIO appeared before the May 1968 Kings County Grand Jury on January 27, 1970 and after being granted immunity, said BRUNO CAPIO refused to answer questions posed to him by the Assistant District Attorney of Kings County."

On February 1, 1973 the petitioner's motion to dismiss the indictment on the ground that a trial would place him in double jeopardy was denied. After that motion was denied the petitioner commenced this article 78 proceeding to prohibit the holding of a trial under that indictment on the ground that he had already been punished for the offense therein alleged.

If the order of March 19, 1970 finding the petitioner guilty of criminal contempt were based *solely* on his refusal to obey the

direction of the court to return to the Grand Jury and to there answer the questions to be asked of him, as permitted by paragraph 3 of subdivision A of section 750 of the Judiciary Law (*Matter of Koota* v. *Colombo,* 17 N Y 2d 147), we would, on constraint of *People* v. *Colombo* (31 N Y 2d 947),* deny his application for an order of prohibition since his refusal to testify before the Grand Jury on January 27, 1970 was a separate and distinct violation of subdivision 4 of section 215.50 of the Penal Law (*People* v. *Chestnut,* 26 N Y 2d 481; *People* v. *Riela,* 7 N Y 2d 571, cert. den. *sub nom. Riela* v. *New York,* 364 U. S. 915; *People* v. *Breslin,* 306 N. Y. 294), without the necessity of a direction by the court that he answer the questions (*People* v. *Miranda,* 31 A D 2d 657). But the court in holding the petitioner in contempt did so not alone on the basis of his refusal to obey the order to return to the Grand Jury, which it could have done (*Matter of Koota* v. *Colombo, supra*), but also on the basis of his *prior* refusal " after being sworn as a witness to

* *People* v. *Colombo* (31 N Y 2d 947) was decided on a remand to the Court of Appeals by the Supreme Court of the United States (*Colombo* v. *New York,* 405 U. S. 9). In his dissent in that case Mr. Justice DOUGLAS said, " Nor does the charactization of the two contempts as involving different acts avoid the prohibition against twice being put in jeopardy for the same offense " (p. 13).

However, his conclusion in that regard was not accepted by the rest of the court, for it apparently rested its remand on the ground that " from the State's response, petitioner's refusal to answer on October 14 did not mature into a complete contempt until December 7 when the trial court passed on the propriety of the grand jury's inquiry and petitioner thereafter refused to obey the court's direction to return to the grand jury and answer the questions properly put to him" (p. 11).

It then added: " In view of the New York Court of Appeals' misconception of the nature of the contempt judgment entered against petitioner for purposes of the Double Jeopardy Clause and in view of the substantial question of New York law that has emerged, we are disinclined at this juncture to entertain and determine the double jeopardy question presented by petitioner. The better course is to grant the petition for writ of certiorari, vacate the judgment of the New York Court of Appeals, and remand the case to that court for further proceedings not inconsistent with this opinion, thus affording that court the opportunity to reconsider the validity of the indictment under the Double Jeopardy Clause of the Constitution" (p. 11).

When deciding the case on remand the Court of Appeals clearly indicated that if the Penal Law indictment were based *solely* on the refusal to answer questions before the Grand Jury and if that were not included in the punishment meted out by the court for the separate Judiciary Law contempt, double jeopardy would not be a defense. We base our conclusion in this regard on its statement that " defendant could have been properly indicted for his refusal to testify before the Grand Jury on October 14, 1965, after having been granted full immunity (*People* v. *Riela,* 9 A D 2d 481, 484, revd. on other grounds 7 N Y 2d 571, cert. den. 364 U. S. 915) and such indictment would not be barred by double jeopardy" (*People* v. *Colombo,* 31 N Y 2d 947, 949, *supra*).

answer any legal and proper interrogatories '' before the Grand Jury Since, therefore, the contempt citation was based upon *both* contempt charges, the petitioner may not now be prosecuted separately for one of them. Double jeopardy, therefore, bars a trial of the petitioner on the instant indictment (*People* v. *Colombo, supra,* p. 949).

On the court's own motion, the decision dated March 8, 1973 is amended to read as follows:

'' Proceeding pursuant to article 78 of the CPLR to prohibit respondents from proceeding with the trial of indictment No. 1666/1970, charging petitioner with criminal contempt pursuant to subdivision 4 of section 215.50 of the Penal Law.

'' Application granted, without costs, and respondents are hereby prohibited from proceeding with said trial.

Opinion by SHAPIRO, J.''

HOPKINS, Acting P. J., MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

Order dated March 8, 1973 amended accordingly.