Harold Biríts, J.
The petitioner moves by writ of habeas corpus to be released from prison on the ground that he is being illegally detained.
On December 24,1971 the petitioner was arrested and charged with the crime of robbery. Upon his plea of guilty he was sentenced to one year by the Honorable Larry M. Vetrano, Supreme Court, Kings County, on May 4,1972. With credit for jail time and good time the Correction Department calculated his tentative release date as October 20,1972.
On July 28, 1972 the petitioner was selected to be assigned to the Brooklyn Residential Facility, a correction program in which the inmates are allowed to live under supervision and to go out to work and return at night. On September 26, 1972 the petitioner left the facility and did not return until December 4, 1972. Pursuant to section 4.9 of the Correction Department rules a disciplinary hearing was held on this matter and it was recommended that the petitioner lose 60 days of good time for his conduct. Upon his return his discharge date was recalculated as February 28,1973 with loss of the 60 days’ good time and the necessity to make up the time he was at large between September 26,1972 and December 4, 1972.
Thereafter the petitioner was convicted in the Criminal Court, Kings County, for the crime of escape and was sentenced to a term of 60 days in prison, the sentence to run consecutively to the term he was presently serving. Computing this sentence with 10 days off for good behavior, the defendant is to be released April 19,1973.
The petitioner alleges that the State is barred from prosecuting him after the Department of Correction made its determination and withdrew 60 days of good time from his sentence. He claims he was punished twice for the same offense, that is, for his escape. The fact is, however, that section 804 of the Correction Law permits cancellation of good time credit for bad behavior or a violation of institutional rules. By absconding from the program the defendant-petitioner indicated that he was not entitled to any good time credit. Administratively any ór all of the good time calculated for him could be withdrawn. The judicial proceeding for the crime of escape was separate and apart from the administrative proceeding which revoked his credit for good time on his initial sentence and thus cannot be considered double jeopardy. The cases cited by the petitioner are inapplicable in this situation, for in all of these (Ashe v. *154 Swenson, 397 U. S. 436; Waller v. Florida, 397 U. S. 387; Colombo v. York, 405 U. S. 9; North Carolina v. Pearce, 395 U. S. 711) the court dealt with two judicial matters. There is therefore, no double jeopardy and this argument must fail.
The petitioner also alleges that the Department of Correction has improperly taken away his good time in that he should have been present at the hearing which withdrew his good time. The contradiction with this article is that if the prisoner were never td appear the Department of Correction would be barred from proceeding against him. By the defendant’s own act the administrative function would be frustrated. Moreover, contrary to the petitioner’s allegation, there is no rule 3 of the Department of Correction rules and nothing within the rules as set forth by the Department of Correction states that a petitioner must he present at a hearing to withdraw good time.
The petitioner’s final argument that the Department of Correction has improperly computed good time is erroneous. As set forth in the facts above the petitioner has been given credit for whatever good time he is entitled to since his return.
Therefore, the writ of habeas corpus is vacated.