## (February 9, 1978)

■ In the Matter of Matthew J. Troy, Jr., Petitioner, v Howard Jones, as Acting Justice of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of prohibition to enjoin the respondents from proceeding to trial in the Supreme Court, Queens County, in a criminal prosecution against the petitioner under Indictment No. 1983/76. Proceeding remitted to a Trial Term of the Supreme Court, Queens County, for a trial forthwith of the issues set forth herein; the report after the trial is to be returned to this court with all convenient speed, and determination of the proceeding is held in abeyance in the interim. The petitioner has been indicted for four counts of grand larceny in the second degree, apparently arising from transactions between himself, as an attorney or executor, and his clients or the estates represented by him. The petitioner alleges that prior to the indictment he had been convicted in the United States District Court for the Eastern District

of New York, upon his plea of guilty, of the crime of willfully making and subscribing income tax returns containing false statements as to gross receipts, that he had been sentenced on September 29, 1976 to a term of two months' imprisonment and a $5,000 fine and that the sentence of imprisonment had been served and the fine paid. The petitioner alleges in addition that his plea of guilty had been induced by an agreement between the office of the United States Attorney and himself whereby, among other things, his plea was to be taken in full satisfaction of all criminal charges that could have been brought by the United States Attorney against him arising out of his handling of some 30 estates, as attorney or executor, during 1964-1976; and further that the agreement contemplated investigations and charges concerning income tax offenses, mail fraud offenses (US Code, tit 18, § 1341) and offenses relating to his actions as executor and attorney under color of State law (US Code, tit 18, § 242). The respondents do not controvert these allegations, but argue instead that they afford no basis for relief. An article 78 proceeding lies to prevent double jeopardy in a pending criminal prosecution (*Matter of Di Lorenzo v Murtagh,* 36 NY2d 306, 309-310; *Matter of Capio v Justices of Supreme Ct., Kings County,* 41 AD2d 235, affd 34 NY2d 603). Under the State standards, a person is prosecuted when he is charged by an accusatory instrument filed in "any jurisdiction within the United States" and pleads guilty (CPL 40.30, subds 1, 2) and he "may not be separately prosecuted for two offenses based upon the same act or criminal transaction", unless the offenses have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other offense, or unless each of the offenses contains an element not an element of the other and the statutes are designed to prevent very different kinds of harm or evil (CPL 40.20, subd 2, pars [a], [b]). Upon the state of the record presented to us, we are unable to determine whether the larcenies alleged in the State indictment were the subjects of the investigation and charges which the agreement asserted by the petitioner was intended to include; nor is it clear whether, in fact, the plea bargain in the Federal court contemplated the satisfaction of the crime of grand larceny as a constituent element of the Federal crimes covered by the agreement. Until these factual issues are resolved, we cannot determine the questions of law presented by the claim of double jeopardy. For these reasons, we direct a trial of these issues (see CPLR 7804, subd [h]). Hopkins, J. P., Damiani, Titone and Hawkins, JJ., concur.