■ In the Matter of MATTHEW J. TROY, JR., Petitioner, v HOWARD JONES, as Acting Justice of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of prohibition to enjoin the respondents from proceeding to trial in the Supreme Court, Queens County, in a criminal prosecution against the petitioner under Indictment No. 1983/76. By order of this court dated February 9, 1978, the proceeding was remitted to a Trial Term of the Supreme Court, Queens County, for a trial on specified issues of fact. The determination of the proceeding has been held in abeyance in the interim (Matter of Troy v Jones, 61 AD2d 802). The trial has been completed and the report of the Trial Term has been received by this court. Proceeding dismissed on the merits, without costs or disbursements. In remitting this matter to the Trial Term, we directed a trial on two issues of fact: (1) "whether the larcenies alleged in the State indictment were the subjects of the investigation and charges which the agreement asserted by the petitioner [between himself and the office of the United States Attorney for the Eastern District] was intended to include"; and (2) "whether, in fact, the plea bargain in the Federal court contemplated the satisfaction of the crime of grand larceny as a constituent element of the Federal crimes covered by the agreement" (Matter of Troy v Jones, supra, p 803). The Trial Term gave the following answers in its report: (1) The larcenies alleged in counts one and two of the State indictment, involving the affairs of Ottilie Alfoth, could not reasonably be said to have been the subject of the Federal investigation; (2) The larcenies alleged in counts three and four of the State indictment, involving the estate of Elsie Alfoth, were part of the larcenies involved in the Federal investigation; and (3) Larceny was not a legally required element of any of the charges covered by the Federal plea agreement, but was a constituent element in a strictly factual sense. We have examined the hearing record, as well as the arguments of counsel as submitted in their respective papers, and we conclude that the Trial Term's report is correct. On the basis of that report, we need only consider counts three and four of the State indictment at length. By petitioner's own version of the facts, the potential charges of mail fraud were included in the Federal agreement solely because of the theft of the retirement checks from Ottilie Alfoth, as alleged in count one of the State indictment. This theft was the only subject of the Federal investigation which involved mail fraud. Thus, counts three and four of the State indictment can be correlated, if at all, only to the Federal tax charges and/or the charges of deprivation of rights under color of State law. CPL 40.20 (subd 2, par [b]) provides an exception to the double jeopardy rule which is applicable where each of the offenses charged, as defined, contains an element that is not an element of the other, and where the statutory

provisions defining such offenses are designed to prevent "very different kinds of harm or evil". We hold that the crime of larceny, as defined in section 155.05 of the Penal Law, differs materially both as to its elements and its purpose from both the Federal tax charges, as defined in section 7206 (subd [1]) of title 26 of the United States Code, and the charges of deprivation of rights under color of State law, as defined in section 242 of title 18 of the United States Code. Accordingly, the exception to the double jeopardy rule embodied in CPL 40.20 (subd 2, par [b]) has been established as to counts three and four, and petitioner may properly be prosecuted on those counts. Since counts one and two of the State indictment cannot be said to have been the subject of the Federal investigation, and were not contemplated by the Federal agreement, there is no double jeopardy bar to the prosecution of petitioner on those counts. Hopkins, J. P., Damiani, Titone and Hawkins, JJ., concur.