UNITED STATES of America, Plaintiff,

v.

Angelo FERRUGIA, Defendant.

No. 84 CR 624.

United States District Court,
E.D. New York.

March 13, 1985.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Edward A. McDonald, Attorney-In-Charge, U.S. Dept. of Justice, Organized Crime Strike Force, E.D.N.Y., Brooklyn, N.Y., for plaintiff.

Slotnick & Cutler, P.C., New York City, for defendant; Bruce Cutler, Mark M. Baker, New York City, of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant has moved to dismiss a one-count indictment. Fed.R.Crim.P. 12(b). The indictment charges him with violating 18 U.S.C. § 1513, in that he willfully and knowingly spit in the face of Assistant United States Attorney ("AUSA") Douglas Behm, and threatened to cause him bodily injury, in retaliation for Mr. Behm's attendance at the testimony in the trial of *United States of America v. Angelo Ferrugia*, 84 CR 282, before Judge Bramwell of this Court.

### Facts

The undisputed facts are as follows.[1] During a grand jury investigation of the activities of Teamster Union Locals 295 and 851 at John F. Kennedy Airport, defendant was called as a witness. He was examined before the grand jury by AUSA Behm.

Thereafter, defendant was charged in a 25-count indictment with making false declarations to the grand jury, 18 U.S.C. § 1623(a), obstruction of justice, 18 U.S.C. § 1503, and 23 violations of the tax laws. *United States of America v. Angelo Ferrugia*, 84 CR 282.

1. At oral argument on February 8, 1985, counsel agreed that the factual record upon which this motion could be decided would consist of: 1) the transcripts of the events immediately surrounding the spitting incident and of Judge Bramwell's subsequent sentencing proceeding; 2) the affidavit of Assistant United States Attorney Norman A. Bloch, submitted to the Second Circuit in opposition to defendant's appeal of Judge Bramwell's remand order; and 3) the Second Circuit's decision on that appeal.

The matter was tried to a jury before Judge Bramwell of this Court. AUSA Behm was a witness for the government. At the close of the government's case, the Court dismissed all the tax charges pursuant to Fed.R.Crim.P. 29. The other two counts were sent to the jury which, on September 26, 1984, returned guilty verdicts on both counts.

Having discharged the jury, Judge Bramwell set a date for sentence and ordered defendant's bail continued.[2] Defense counsel then renewed his Rule 29 motions, but, before he could argue, a disruption occurred in the back of the courtroom. AUSA Norman A. Bloch, who had tried the case for the government, informed Judge Bramwell that defendant had just spit in Mr. Behm's face. Judge Bramwell immediately ordered defendant remanded, and defendant stated, "Do what you want to do. I don't care. I am sorry, your Honor, I am sorry for the Court. I am sorry, but I had to do it."

AUSA Behm, who had been seated in the back of the courtroom, then came forward to place on the record what defendant had said. According to Mr. Behm, defendant said, "You got what you wanted." He then spit in Mr. Behm's face and said, "Anytime you want to step outside, you punk bastard, we can step outside."

Judge Bramwell refused to allow defense counsel to argue the remand order. When asked why he was remanding defendant, Judge Bramwell stated, "He spit in the prosecutor's face. What do you think he's being remanded for?"

The next day, Sept. 27, 1984, defendant sent Judge Bramwell a letter of apology, stating that he simply "lost [his] head" when the jury returned its verdict. On October 3, 1984, Judge Bramwell in a written order denied defendant's motion for reconsideration. Judge Bramwell made clear beyond cavil that his remand was pursuant to the then applicable bail statutes, 18 U.S.C. §§ 3146, 3148, "because de-

fendant spit in the face of and threatened bodily harm to" AUSA Behm in Court.[3]

Defendant appealed that order, pursuant to the expedited appeal provision of Fed.R. App.P. 9(a). In the government's affidavit in opposition to the appeal, AUSA Bloch stated that, besides threatening AUSA Behm with bodily harm, defendant had also uttered several profanities to Mr. Behm. On October 9, 1984, the Second Circuit affirmed Judge Bramwell's orders revoking bail and denying the application for reconsideration. 751 F.2d 372.

On November 8, 1984, the defendant appeared for sentencing on the two counts of which he was convicted. Judge Bramwell suspended imposition of sentence and placed defendant on probation for two concurrent 5-year terms, and fined him $5,000.

The very next day, the present indictment was filed.

### Discussion

Defendant makes four arguments in support of his motion to dismiss the indictment. He contends that: 1) prosecution is barred by the double jeopardy clause of the Fifth Amendment; 2) the indictment arises out of "presumptive prosecutorial vindictiveness," thus violating defendant's due process rights; 3) prosecution for this offense violates his First Amendment free speech rights; and 4) the indictment fails to charge an offense cognizable under 18 U.S.C. § 1513.

#### 1. Double Jeopardy

Defendant contends that Judge Bramwell's order of remand of September 26, 1984, was a summary adjudication of criminal contempt, amounting to former jeopardy with regard to the present indictment. See Colombo v. New York, 405 U.S. 9, 92 S.Ct. 756, 30 L.Ed.2d 762 (1972). Thus, argues defendant, further prosecution for the same conduct is unconstitutional.

---

**2.** At that time bail was a $150,000 personal recognizance bond, secured by the deed to defendant's house.

**3.** Those bail statutes have since been repealed by the Bail Reform Act of 1984.

According to defendant, he was remanded solely for what Judge Bramwell perceived as defendant's threat to AUSA Behm. Defendant characterizes this as "a judicial action which Judge Bramwell later indicated was a necessary vindication of the court's honor." *Defendant's Memorandum of Law at 4.* This characterization, however, merely lumps together two distinct inferences that may be drawn from Judge Bramwell's decision to remand defendant.

One inference is that Judge Bramwell revoked defendant's bail, because he concluded that defendant posed a danger to the community. 18 U.S.C. § 3148. The other inference—the one defendant prefers—is that Judge Bramwell's remand order constituted a summary punishment for criminal contempt, Fed.R.Crim.P. 42(a), the purpose of which is to vindicate the authority of the Court. *Matter of Heathcock*, 696 F.2d 1362 (11th Cir.1983).

Of the two inferences, only the first is reasonably drawn. Although defendant's letter to Judge Bramwell also admits of the two interpretations, as do several statements by Judge Bramwell at sentencing, the course of the appeal to the Second Circuit dispels any lingering doubt.

Counsel first sought reconsideration from Judge Bramwell. Denying that request, he phrased his written order explicitly in terms of the bail statute. The ensuing appeal was clearly not from a contempt order, but rather from an order revoking bail. Summarily affirming Judge Bramwell's order, the Second Circuit put the matter to rest by holding that "the order revoking bail and denying the application for reconsideration for bail" is affirmed.

■ Further support for this inference comes from the Federal Rules of Criminal Procedure. Rule 42(a) gives the Court power to punish summarily contempts occurring in its presence. Before imposing such punishment, however, the trial judge must certify that he saw or heard the conduct constituting the contempt and that it was committed in his presence. He must also enter an order explicitly stating the charges on which the contempt finding is based; and failure to enter such an order is ground for reversal. *See In re Williams*, 509 F.2d 949 (2d Cir.1975); *Pietsch v. President of the United States*, 434 F.2d 861 (2d Cir.1970); *cert. denied*, 403 U.S. 920, 91 S.Ct. 2236, 29 L.Ed.2d 698 (1971).

■ Judge Bramwell did not make the required findings or enter the order. It is inconceivable that so distinguished and experienced a judge would omit these steps had he intended to hold defendant summarily in contempt. Judge Bramwell's order was merely a revocation of bail, an action well within the discretion of a district judge, given defendant's conduct. *See Finetti v. Harris*, 609 F.2d 594 (2d Cir. 1979). There is, therefore, no former jeopardy as to which this indictment could constitute double jeopardy.

■ Even if Judge Bramwell's remand somehow could be distorted into a summary punishment for criminal contempt, thereby creating a former jeopardy, *see Colombo v. New York*, 405 U.S. 9, 11, 92 S.Ct. 756, 757, 30 L.Ed.2d 762 (1972), the instant prosecution would still not be barred. The test for whether successive prosecutions for similar conduct is unconstitutional was enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. If conviction under each statute requires proof of one additional fact not required by the companion statute, successive prosecutions are not barred by the double jeopardy clause. Thus if one statute requires proof of facts A, B and C, while the other statute requires proof of facts A, B and X, the defendant may be prosecuted under both statutes. Comparison of the two statutes in

question demonstrates that double jeopardy does not bar the prosecution.

■ 18 U.S.C. § 401(1) gives the court power to punish such contempts as "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." This power is implemented by Fed.R.Crim.P. 42, allowing the Court to punish summarily contempts occurring in its presence, *id.* 42(a), but requiring all other criminal contempts to be prosecuted after notice and a hearing. *Id.* 42(b); *see United States v. Wilson*, 421 U.S. 309, 315 n. 6, 95 S.Ct. 1802, 1806 n. 6, 44 L.Ed.2d 186 (1975). Accordingly, summary punishment for criminal contempt requires proof: 1) that the contemnor willfully misbehaved so as to obstruct the administration of justice; 2) that he did so in the actual presence of the Court; and 3) that the judge saw or heard the contumacious conduct. *Id.* at 315–16, 95 S.Ct. at 1806–07; *In re Gustafson*, 650 F.2d 1017, 1020–21 (9th Cir.1981) (*en banc*); *In re Chaplain*, 621 F.2d 1272, 1277 (4th Cir.1980) (*en banc*).

■ Defendant is now charged with violating 18 U.S.C. § 1513, part of the Victim and Witness Protection Act of 1982. The applicable provision of that section requires proof: (1) that defendant knowingly engaged in conduct; (2) that either caused, or threatened to cause, bodily injury to another person; (3) with the intent to retaliate against any person for, *inter alia,* the attendance or testimony of a witness at an official proceeding. 18 U.S.C. § 1513(a)(1); *United States v. Cummiskey*, 728 F.2d 200, 206 (3d Cir.1984).

■ Sifting these two criminal statutes through the *Blockburger* sieve, it is clear that conviction under each statute requires proof of additional facts that the other does not. For example, summary punishment for contempt requires that defendant have acted in the presence of the Court. It is immaterial to the present indictment where defendant engaged in the violative conduct. Additionally, conviction under § 1513 requires proof that defendant intended to retaliate for a witness's attendance and testimony at trial. It is immaterial to the

contempt conviction what the purpose of the contumacious conduct was or at whom it was directed.

Accordingly, defendant's motion to dismiss the indictment on double jeopardy grounds must be denied.

## 2. *Prosecutorial Vindictiveness*

■ Defendant next contends that he stands indicted in this case solely because of his counsel's vigorous defense at the earlier trial, specifically counsel's aggressive cross-examination of AUSA Behm, his predominantly successful argument of a Rule 29 motion, and his success in convincing Judge Bramwell to sentence defendant to probation. Filing this indictment the day after sentencing, argues defendant, constitutes "presumptive prosecutorial vindictiveness."

That catchy phrase derives from two Supreme Court decisions, *Thigpen v. Roberts,* —— U.S. ——, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984), and *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In those cases, the Court ordered the dismissal of felony indictments against defendants who had successfully appealed convictions of lesser offenses. The Court held that a vindictive prosecutor could not obtain an indictment for a more serious offense solely because the defendant had exercised the procedural rights made available to him by state law. Defendant analogizes his vigorous trial defense to the conduct of the defendants in *Thigpen* and *Blackledge,* and contends the instant indictment has no legitimate prosecutorial or jurisprudential purpose.

This argument borders on the frivolous. The subsequent indictments in *Thigpen* and *Blackledge* sought enhanced penalties for the same transactions that led to the original indictments. Defendant Ferrugia, on the other hand, was indicted for an act entirely unrelated to the conduct for which he was originally indicted, and which constituted an offense wholly different from those with which he was originally charged.

■ To the extent that defendant argues that he has already been punished once for this conduct, the contention is also meritless. His actions in the courtroom on September 26, 1984 demonstrated to Judge Bramwell that defendant was no longer entitled to remain free on bail. If those actions also constituted a separate offense, the government is not barred from indicting defendant merely because the Court punished that conduct by revoking bail. Revocation of bail is not a sentence.

Accordingly, the motion to dismiss the indictment on grounds of prosecutorial vindictiveness is also denied.

### 3. The First Amendment Claim

Defendant next claims that he cannot be prosecuted under § 1513 because his threat to AUSA Behm was constitutionally protected "emotional hyperbole." This argument, although deserving of far more than the cavalier treatment given it by the government in its opposition papers, is also unpersuasive.

■ In *United States v. Carrier*, 672 F.2d 300 (2d Cir.), *cert. denied*, 457 U.S. 1139, 102 S.Ct. 2972, 73 L.Ed.2d 1359 (1982), the Second Circuit made clear that indictments based substantially on the utterance of words should rarely be dismissed. Generally the defendant's intention in uttering the allegedly threatening words, and the circumstances surrounding their utterance, are questions best left to the jury. *Id.* at 304, 306. The Court did recognize, however, that there may be instances "where the factual proof is insufficient as a matter of law," *id.* at 306, thus requiring dismissal of the indictment. Defendant believes he falls within the exception.

■ In *United States v. Kelner*, 534 F.2d 1020 (2d Cir.), *cert. denied*, 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976), defendant was convicted of transmitting in interstate commerce "a threat to injure the person of another." 18 U.S.C. § 875(c). The Court affirmed the conviction, holding the proof at trial satisfied the constitutional requirement for criminalizing threats:

> [s]o long as the threat on its face and in the circumstances in which it is made is so *unequivocal, unconditional, immediate* and *specific* as to the person threatened, as to convey a *gravity of purpose* and *imminent prospect of execution,* the statute may properly be applied.

534 F.2d at 1027 (emphasis added). Defendant claims this indictment does not satisfy that constitutional requirement.

This indictment is facially valid. *See* Fed.R.Crim.P. 7(c)(1); *United States v. Carrier, supra,* 672 F.2d at 303. Whether the conditions discussed in *Kelner* are satisfied is better answered by the jury at trial, when the government adduces all its proof. As the Court emphasized in *Carrier,* when a statute is based on threats, "the better course is to decide each case on its facts leaving defendant's intent as a question for the jury." *Id.* at 306 (citations omitted).

Accordingly, the motion to dismiss the indictment on this ground is denied.

### 4. Failure to Charge a Cognizable Offense

■ Defendant's final argument is that as a matter of law, the indictment fails to charge an offense that is cognizable under § 1513. The gist of the argument is that § 1513 was never intended to apply to the facts of this case.

As discussed *supra,* § 1513 defines an offense of causing or threatening to cause bodily injury to another person, with intent to retaliate against any person for, *inter alia,* the attendance or testimony of a witness at an official proceeding. "Bodily injury" is defined in five subparagraphs of 18 U.S.C. § 1515(5). Four of those are clearly inapplicable to this case; the fifth defines bodily injury as "any other injury to the body, no matter how temporary." 18 U.S.C. § 1515(5)(E).

Defendant relies on the legislative history of the Victim and Witness Protection Act of 1982, of which § 1513 is a part. The

purpose of that Act was "to strengthen existing legal protection for victims and witnesses of federal crimes," S.Rep. No. 532, 97th Cong.2d Sess., *reprinted in* 1982 U.S.Code Cong. & Ad.News 2515, specifically "the victim or witness who cooperates with the prosecutor ... at his own risk." *Id., reprinted in* 1982 U.S.Code Cong. & Ad.News 2516.

Defendant argues that AUSA Behm is not a cooperating victim or witness within the contemplation of the statute because he is a federal prosecutor. This argument is meritless. Defendant was indicted for retaliating against a witness who testified against him at an official proceeding. That the witness happened to be a federal prosecutor—not the prosecutor at the official proceeding—is irrelevant. Any other construction would make federal prosecutors fair game for retaliatory threats if they also happened to testify at an official proceeding.

■ Defendant also claims the injury he is alleged to have threatened does not come within the scope of the statute. As discussed in part 3, *supra*, the indictment is facially valid. Whether the allegedly threatened bodily injury comes within the scope of § 1515(5) is a fact question to be determined by the jury at trial.

Accordingly, the motion to dismiss the indictment on this ground is also denied. Defendant's alternative request for particulars is granted. *See United States v. Carrier, supra*, 672 F.2d at 303 & n. 5.[4]

SO ORDERED.

---

**4.** Defendant also seeks disclosure of grand jury minutes. Fed.R.Crim.P. 6(e)(3)(C)(ii). Defendant has failed to establish the "particularized need" required for disclosure. *United States v. Moten*, 582 F.2d 654, 662 (2d Cir.1978). In any event, the Court has reviewed the grand jury minutes *in camera*, and there is no evidence whatsoever of irregularity or prosecutorial misconduct.