Memorandum. The order of the Appellate Division, entered June 16,1969, should be reversed and the indictment dismissed.
Although defendant could have been properly indicted for his refusal to testify before the Grand Jury on October 14, 1965, after having been granted full immunity (People v. Riela, 9 A D 2d 481, 484, revd. on other grounds 7 N Y 2d 571, cert. den. 364 U. S. 915) and such indictment would not be barred by double jeopardy, he was not indicted for that crime, but, instead, was indicted for his refusal to obey the order of Justice Barshay on December 7, 1965, to return to the same Grand Jury and testify. Thus, defendant was indicted for the same act. and offense for which he previously was punished by Justice Barshay for contempt of court pursuant to section 750 of the Judiciary Law. The same evidence proves the Judiciary Law contempt for which defendant was previously punished and the Penal Law contempt charged in the indictment, and the elements of the two contempt charges are the same. Since the Supreme Court of the United States has held that defendant’s previous punishment for contempt of court pursuant to the Judiciary Law was for “ criminal ” contempt under the particular facts of this case (Colombo v. New York, 405 U. S. 9, 10-11), defendant’s subsequent indictment for the same offense under section 600 of the former Penal Law is barred by the double jeopardy clause. (See Matter of Martinis v. Supreme Ct., 15 N Y 2d 240, 249.)
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Upon reargument: Order reversed and the indictment dismissed in a memorandum.