Fuchsberg, J. (dissenting).
Menna, the defendant here, was adjudicated to be in contempt, in violation of section 750 of the Judiciary Law, for his refusal to testify before a Grand *931 Jury, and sentenced to a jail term. This case stems from his subsequent indictment for contempt under the Penal Law (see Penal Law, § 215.50) arising out of precisely the same acts for which the earlier contempt charge had been brought.
In People v Colombo (25 NY2d 641), a case very close on its facts to the one here, the indictment was dismissed on the ground of double jeopardy, but reinstated by the Appellate Division (32 AD2d 812), whose decision, in turn, was upheld by our court (25 NY2d 641). Upon certiorari to the United States Supreme Court, it vacated and remanded "for further consideration in light of Waller v Florida, 397 US 387” (400 US 16). We then adhered to our original decision (29 NY2d 1). Again, certiorari was sought, and the Supreme Court vacated and remanded once more (405 US 9). It was of the view that our court had "misconceived] the nature of the contempt judgment * * * for purposes of the Double Jeopardy Clause” (p 11). For the second time it remanded the case to us because of the possibility that the two separate charges of contempt might be "intertwined”.
It was when Colombo was at that stage that Henna came up for trial on his criminal contempt indictment. He pleaded guilty, but not before his double jeopardy defense was summarily rejected by the trial court in the following language: "Well, on the basis of the law as it exists today—whether the Court of Appeals is going to reconsider its decision in People v Colombo or not, this court has no way of knowing—but as the law stands today, as interpreted by our Court of Appeals, the court has no other alternative but to deny the motion.”
Some time after Henna’s plea and sentence, our court, acting for the third time in Colombo, dismissed the latter’s indictment as "barred by the double jeopardy clause.” (31 NY2d 947, 949.)
Under the circumstances, I believe Henna’s plea did not constitute a waiver of his constitutional right to claim double jeopardy, its practical result being " 'to prevent a trial from taking place at all’ ”. (Blackledge v Perry, 417 US 21, 31; see, also, dissent in People v La Ruffa, 37 NY2d 58; United States v Liguori, 430 F2d 842, cert den 402 US 948.)
Accordingly, the order of the Appellate Division should be reversed and the indictment dismissed.
Order affirmed, etc.