Argued and submitted July 30, affirmed September 26, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID CLIFFORD TOELAER,
*Appellant.*

(39593; CA A31147)

688 P2d 124

Karen L. Uno, McMinnville, argued the cause for appellant. With her on the brief were Jerry K. Brown, and Cummins, Cummins, Brown & Goodman, P.C., McMinnville.

Linda J. DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant seeks reversal of his conviction for resisting arrest, ORS 162.315, because of the trial court's refusal to give his requested instruction on the essential elements of the crime charged. We affirm.

The crime of resisting arrest is defined in ORS 162.315:

"(1)   A person commits the crime of resisting arrest if he intentionally resists a person known by him to be a peace officer in making an arrest.

"(2)   'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person.

"(3)   It is no defense to a prosecution under this section that the peace officer lacked legal authority to make the arrest, provided he was acting under color of his official authority."

Before its deliberations, the jury was instructed by the trial judge regarding the essential elements of the offense:

"1.   That the defendant

"2.   did unlawfully and intentionally

"3.   resist deputy Cameron Lane

"4.   a person known by the defendant to be a police officer

"5.   while deputy Cameron Lane was making an arrest

"6.   that the crime took place on or about July 24, 1982

"7.   that the crime took place in Yamhill County, Oregon."

Defendant's sole assignment of error is the trial court's refusal to give his requested instruction on a purported element of the offense, to-wit: "That the defendant knew that said peace officer was making an arrest." Defendant's knowledge that the officer was making an arrest is not one of the elements specified in ORS 162.315. Accordingly, it was not error for the trial court to refuse to give the instruction.

Affirmed.