Argued and submitted July 1, affirmed September 16, 1986

STATE OF OREGON,
*Respondent on Review,*

*v.*

STEVEN RAY ELLISON,
*Petitioner on Review.*

(TC 10-85-02547; CA A36618; SC S32705)

725 P2d 363

Ernest E. Estes, Deputy Public Defender for Oregon, Salem, argued the cause for petitioner. With him on the petition was Gary D. Babcock, Public Defender for Oregon, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petition were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

LINDE, J.

## LINDE, J.

Defendant appealed his conviction of driving when his license was suspended (DWS) on grounds that he previously had been placed in jeopardy and convicted of giving a false name to a police officer during the same episode. The Court of Appeals affirmed without opinion.

On March 8, 1985, defendant was stopped by a police officer for disobeying a stop sign. He could produce no driver's license and falsly identified himself as "Larry McCoy" of Sacramento, California. He was charged in the District Court for Lane County with the misdemeanor of giving a false name to a police officer.[1] Upon discovery of defendant's true name and the fact that his driver's license had been suspended, the district attorney on March 18 filed an information charging him with DWS, a felony.[2] The following day, defendant pled guilty in the district court to the charge of giving a false name to the police officer. On March 22, the district attorney obtained an indictment stated in two counts, the DWS felony and the "false name" misdemeanor. On the same day, the district court, with knowledge of the indictment, sentenced defendant on his previous plea of guilty to the "false name" charge. Defendant moved to dismiss the indictment on grounds of former jeopardy. The circuit court denied the motion, and defendant was convicted and sentenced on the DWS charge.

To defeat the claim of former jeopardy, the prosecution relied on ORS 131.525(2), which states that a "plea of guilty or resulting judgment is not a bar under ORS 131.515(2) to a subsequent prosecution under an accusatory instrument which is filed no later than 30 days after entry of the guilty plea."[3] As explained today in *State v. Farley,* 301 Or 668, 725

---

[1] *Former* ORS 482.610 (*repealed by* Or Laws 1983, ch 338, § 978; now ORS 807.620).

[2] *Former* ORS 487.560 (*repealed by* Or Laws 1983, ch 338, § 978; now ORS 811.175).

[3] ORS 131.515(2) provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

ORS 131.525(2) allows a defendant who is arraigned under a subsequent accusatory instrument to have his prior plea of guilty to a related charge vacated.

P2d 359 (1986), ORS 131.525(2) may modify the rule of ORS 131.515(2), but it cannot treat a conviction on a plea of guilty as something less than former jeopardy in order to evade the guarantee of Article I, section 12, of the Oregon Constitution against being "put in jeopardy twice for the same offence."

In *Farley,* we observed that a court cannot escape the responsibility of deciding what is "the same offence" for the purposes to which the constitutional guarantee is directed. We held that a single act of driving could not be the subject of successive prosecutions even though it violated two different statutes. Earlier, *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), found double jeopardy in successive prosecutions of a previously convicted person for being in possession of a firearm and for carrying the firearm in a concealed manner.

In *State v. Hammang,* 271 Or 749, 534 P2d 501 (1975), the defendant sought to invoke *State v. Brown* to overturn a conviction for a murder committed several hours after the theft of the murder weapon, a theft to which he previously pled guilty. The *Hammang* court might have concluded that the murder was neither part of the "same act or transaction" nor "the same offence" as the theft. The decision did not reach this point because it rested instead on a theory excluding convictions on guilty pleas from former jeopardy, the distinction that found its way into ORS 131.525(2) and that *Farley* rejects.

In the present case, defendant's giving a false name to a police officer who stopped him while driving when his license was suspended may well have been part of the same "criminal episode," in the words of ORS 131.515(2). If so, this would have barred separate prosecutions for the two charges if defendant had been tried rather than pleading guilty to the "false name" charge; but ORS 131.525(2) eliminated the bar of ORS 131.515(2) for prosecutions after a guilty plea to a related crime in order to preclude a defendant's "rush to the courthouse" for that purpose. For constitutional purposes, as distinct from ORS 131.515(2), we hold that giving the false identification was a separate offense from unlawful driving. The two acts did not occur simultaneously, like those in *State v. Brown;* defendant had been stopped and was no longer driving when he gave the false name. Also, defendant's acts did not pursue a single objective; the objective of trying to lie

himself out of the punishment for driving arose after he was caught and was not the same as the objective of driving in the first place. The circuit court did not err in denying defendant's motion to dismiss.

The decision of the Court of Appeals is affirmed.