Submitted on record and briefs June 27, affirmed November 12, 1986

STATE OF OREGON,
*Appellant,*

*v.*

GUY DEWITT BENNETT,
*Respondent.*

(85-60990, 85-60991; CA A38370 (Control), A38371)
(Cases Consolidated)

. 728 P2d 105

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for appellant.

Jay W. Frank, David Moule, and Moule & Frank, Eugene, filed the brief for respondent.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

PER CURIAM

## PER CURIAM

Defendant was involved in an incident that resulted in an indictment for unauthorized use of a motor vehicle and subsequent charges of driving while suspended and attempting to elude a police officer. He pled not guilty to all three charges but, pursuant to plea negotiations, changed his plea to guilty of unauthorized use of a motor vehicle. The trial court granted his motion to dismiss the charges of DWS and eluding a police officer on former jeopardy grounds. The state contends on appeal that the motion should not have been granted, because under ORS 131.525(2) the guilty plea did not bar prosecution for the related charge.

*State v. Farley,* 301 Or 668, 725 P2d 359 (1986), held that, for purposes of determining former jeopardy under Article I, section 12, of the Oregon Constitution, a guilty plea cannot be distinguished from a conviction after trial. We must determine whether defendant's conduct was part of the same offense. *See also State v. Ellison,* 301 Or 676, 725 P2d 363 (1986). The three offenses with which defendant was charged involved one act of driving. He cannot be put in jeopardy by successive prosecutions for the same act.

Affirmed.