Argued and submitted February 8, fine vacated, otherwise affirmed October 5, 1988,
reconsideration denied February 24, petition for review denied March 21, 1989
(307 Or 571)

KAROL WYATT KERSH & ASSOCIATES, P.C.,
*Plaintiff,*

*v.*

THOMPSON,
*Defendant.*

STATE ex rel
KAROL WYATT KERSH & ASSOCIATES, P.C.,
*Respondent,*

*v.*

THOMPSON,
*Appellant.*

(T 20256; CA A41964)

762 P2d 321

Steven E. Benson, Portland, argued the cause and filed the brief for appellant.

Marilyn Shaw, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from a judgment finding him in contempt for failing to comply with court orders to produce documents in discovery proceedings on a judgment debt that he owes plaintiff. The court ordered defendant to be confined in the county jail "until he purges himself of the contempt" by producing the documents. He was also fined $300, ostensibly pursuant to ORS 33.020(1).

Defendant makes three assignments, all of which are unmeritorious. He does not assign error to the imposition of the fine. Nevertheless, the error in imposing a fine in this civil contempt proceeding under ORS 33.020(1) is apparent on the face of the judgment, and the fine is therefore vacated. *See State v. Thompson,* 294 Or 528, 659 P2d 383 (1983); *In the Matter of Virginia Hanks,* 290 Or 451, 458, n 10, 623 P2d 623 (1981).

Plaintiff argues:

"Plaintiff-respondent obtained its original judgment in the underlying proceeding on November 8, 1984. It is clear that defendant-appellant's sole purpose in taking this appeal is to further delay plaintiff-respondent's collection of a just debt. Therefore, imposition of the 10% penalty under ORS 19.160 and attorney fees under ORS 20.105 is strongly warranted."

Because defendant has prevailed in this appeal, we cannot apply either statute against him.[1]

Fine vacated; otherwise affirmed.

---

[1] However, he was not and is not the prevailing party in the trial court.