Argued and submitted September 30, reversed November 30, 1988

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD DAVID McINTYRE,
*Appellant.*

(10-86-06324; CA A43971)

764 P2d 972

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Defendant appeals his conviction for burglary in the second degree, ORS 164.215, arguing that this prosecution is barred by the principle of former jeopardy. He contends that the same burglary episode was previously litigated in a criminal contempt proceeding. We agree and reverse.

On May 27, 1986, defendant's former girlfriend, Carla Clark, obtained a court order prohibiting him from contacting her or coming to her apartment. Defendant violated the restraining order on three separate occasions. First, about two days after the restraining order was issued, defendant forced his way into Clark's apartment and assaulted her. Some time later, he entered the apartment, abducted Clark, and drove around with her for several hours. Third, on June 9, 1986, Clark found defendant in her apartment, packing some of her personal belongings into a bag, and discovered that one of the apartment doors had been kicked in.

On August 7, 1986, defendant was indicted for burglary and kidnapping, based on the June 9th incident. On September 2, 1986, while those charges were still pending, a contempt hearing was held. Defendant was held in contempt for violating the May 27th restraining order. The contempt court made these findings:

> "The Court would find in the testimony of the petitioner [Clark] the witnesses are credible and that the testimony of the respondent [defendant] is not credible.
>
> "The Court would find further that there has been proof that the respondent, Mr. McIntyre, did violate the order and particularly the incident that seems most clear is his contact when he was released from jail and I think it is clear also that there were other contacts that were in violation following that. Whether the details are exactly completely consistent, it is clear there was prohibited contact."

The court had noted earlier in the hearing that "[w]e are talking about three incidents." Defendant was sentenced to 90 days in jail as a result of the court's finding of contempt.

Defendant then moved to dismiss the present charges, on the ground that the same criminal episode had been litigated in the contempt proceeding. The trial court denied the motion and, after a stipulated facts trial, convicted

defendant of burglary in the second degree. It is the denial of his motion to dismiss that defendant assigns as error on appeal.

The governing rule is stated in *State v. Thompson,* 294 Or 528, 659 P2d 383 (1983). There, the Supreme Court held that a sanction for criminal contempt was a criminal prosecution for the purpose of double jeopardy under ORS 131.515.[1] The defendant, who had been held in contempt for entering a neighbor's land after having been enjoined from doing so, could not be indicted later for criminal trespass based on the same event. The key question in this case is whether the contempt proceeding litigated the same event as the burglary prosecution.

The trial court made no findings of fact when it denied the motion to dismiss. We presume, however, that the court found the facts in a manner consistent with the ultimate conclusion. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). In the light of *State v. Thompson, supra,* the trial court must have found that the burglary episode was not also a basis for the contempt court's decision. The state so argues on appeal. The dispositive issue, then, is whether there is evidence in the record to support that finding. *Ball v. Gladden, supra,* 250 Or at 487. We hold that there is not.

The charges in the present case stem from the events that took place on June 9, 1986. In response to defendant's motion to dismiss, the assistant district attorney acknowledged that "[o]ne of the incidents about which the [contempt] Court heard evidence was the incident for which the defendant is indicted in this case." Nonetheless, the state asserts that former jeopardy does not apply, because the contempt court did not necessarily base its holding of contempt on the June 9th episode. We need not decide whether that is the correct test. When the contempt court found that defendant had violated the restraining order by the first contact "when he was released from jail" *and* "that there were *other contacts*

---

[1] ORS 131.515(1) and (2) provide:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

that were in violation following that" (emphasis supplied), the June 9th incident logically had to be included. There were only three incidents testified to during the contempt proceeding. By finding that one described contact *plus* "other contacts"—in the plural—occurred, the contempt court must have found all three.

For that reason, defendant was placed in jeopardy twice for the same offense, in violation of ORS 131.515(1) and (2). We need not reach his constitutional arguments. *See State v. Thompson, supra,* 294 Or at 531.

Reversed.