Argued and submitted April 28, 1988, affirmed March 22, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## RICKY DEAN LOWERY,
*Appellant.*

(10-86-05316; CA A44963)

770 P2d 923

Sally L. Avera, Deputy Public Defender, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Frank Gruber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Defendant appeals his conviction for possession of a controlled substance. He contends that his earlier plea of guilty to another charge barred prosecution of this charge under ORS 131.515(2). Alternatively, he contends that the trial court erred by denying an evidentiary hearing on his motion to dismiss. We affirm.

On April 16, 1986, a police officer stopped the vehicle that defendant was operating. In a subsequent search, the officer seized a pistol from defendant's back pocket and a vial containing what the officer believed to be methamphetamine.[1] On Thursday, April 17, 1986, the state filed a complaint charging defendant with possession of a concealed firearm, a misdemeanor. ORS 166.250(1)(b). On Monday, April 21, 1986, he appeared in court, waived appointment of counsel and pleaded guilty to the charge.

A subsequent analysis of the vial's content showed that it was methamphetamine. Defendant was indicted on July 3, 1986, for possession of that controlled substance. ORS 475.992(4)(b).[2] He moved for dismissal of the charge, contending that his guilty plea to the firearms charge barred further prosecution. The trial court denied the motion without explanation and convicted defendant on stipulated facts.

Defendant first contends that the trial court erred in denying his motion to dismiss under ORS 131.515(2):[3]

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

Defendant has the burden to prove the elements of that limitation. *See State v. Hunter,* 58 Or App 99, 106, 647 P2d 943 (1982), *rev den* 294 Or 391 (1983). The state contends that the

---

[1] Defendant did not contest the search.

[2] In a second count, defendant was again charged with possession of a concealed firearm in violation of ORS 166.250. That charge was dismissed in the light of defendant's guilty plea.

[3] Defendant does not contend on appeal that the second trial violated Article I, section 12, of the Oregon Constitution.

trial court was correct in not applying the mandatory joinder statute, because the offenses were not based on the "same criminal episode" and, additionally, the prosecutor did not reasonably know of both offenses when defendant pleaded guilty to the first charge.

"Criminal episode" is defined in ORS 131.505(4) as

"continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

The Supreme Court has further defined "criminal episode" to be synonymous with the "same act or transaction" in ORS 132.560(2), relating to the permissive joinder of charges. *State v. Boyd,* 271 Or 558, 565-66, 533 P2d 795 (1975).[4] In *Boyd,* the court concluded that the simultaneous possession of a controlled substance and stolen property constituted a single criminal episode.

The state contends that the holding in *Boyd* is not controlling because, unlike the crime of possession of stolen property, the crime of "possession of a firearm" is based on the *manner* and not the act of possession. We are not persuaded. ORS 166.250(1)(b) prohibits the unauthorized possession of a concealed weapon. The fact that the firearm must be "concealed" does not affect the crime as being possessory. We confirm what we suggested in *State v. Paquin,* 55 Or App 676, 681, 639 P2d 694, *rev den* 292 Or 863 (1982): The simultaneous possession of a concealed weapon and a controlled substance is part of a single criminal episode for purposes of ORS 131.515(2).

The state argues that, even if the offenses arose from the same criminal episode, defendant did not show that the prosecutor knew of both offenses. For the purposes of ORS 131.515(2), reasonable knowledge exists if the prosecutor knew or should have known of both offenses when the defendant pleaded guilty to possession of a firearm. *State v.*

---

[4] Under this definition, two offenses arise from the same criminal episode if

"the two charges * * * are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge." *State v. Fitzgerald,* 267 Or 266, 273, 516 P2d 1280 (1973).

*Matischeck,* 20 Or App 332, 336-37, 531 P2d 737, *modified* 21 Or App 300, 535 P2d 102 (1975).

Defendant contends that it is reasonable to infer that the prosecutor was aware of the controlled substance offense, because the police report listed the vial as part of the property seized from defendant along with the officer's suspicions about its contents. The prosecutor must reasonably know of a formalized charge or facts sufficient to indict or prosecute a person. *See State v. Hunter, supra,* 58 Or App at 107.

When defendant pleaded guilty to the misdemeanor, no charge for possession of the controlled substance was pending. Although on the day that defendant pleaded guilty to the other charge, the prosecutor may have had a basis for suspecting that defendant had been in possession of a controlled substance when he was arrested, he lacked knowledge of sufficient facts to prosecute him on the drug charge. *See, e.g., State v. Hunter, supra.* Consequently, the trial court did not err in denying defendant's motion to dismiss.

Defendant argues alternatively that the trial court abused its discretion by not allowing an evidentiary hearing on his motion to dismiss. Because we conclude that the prosecutor lacked sufficient knowledge when defendant pleaded guilty on the misdemeanor charge, we see nothing that a hearing could have accomplished.[5] The lack of a hearing was not reversible error.

Affirmed.

---

[5] Although defendant suggests that the second warrant authorizing testing of the substance and the lab report could have been more swiftly obtained, he does not argue that the information could have been obtained between the time when defendant was arrested, April 16, and the time when he pleaded guilty to the misdemeanor, April 21, 1986.