Argued and submitted January 27, reversed July 12, 1989

In the Matter of the Marriage of

SLETAGER,
*Petitioner,*

*and*

SLETAGER,
*Respondent.*

STATE ex rel CONLEY,
fka Sletager,
*Respondent,*

*v.*

SLETAGER,
*Appellant.*

(15-86-04623; CA A49158)

776 P2d 584

Harold D. Gillis, Eugene, argued the cause for appellant. With him on the briefs was Harold D. Gillis, P.C., Eugene.

F. William Honsowetz, Eugene, argued the cause for respondent. With him on the brief was Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals a post-judgment order finding him in contempt for pre-judgment conduct that violated two *pendente lite* orders restraining him from "transferring, encumbering, disposing, selling or giving away any assets during the pendency of [the] proceeding without further order of the court." ORS 19.010(2)(c).

In June, 1986, wife filed a petition for dissolution. On her motion, the court issued the first restraining order at that time. In October, 1986, without expressly lifting that order, the court issued a second:

"Based upon the stipulation of the parties it is hereby Ordered that both [wife] and [husband] are restrained from transferring, encumbering, disposing, selling or giving away any assets during the pendency of this proceeding without further order of the court."

On June 8, 1987, the dissolution judgment was entered, awarding husband the family residence and wife a $30,000 judgment.

After that judgment was entered, wife moved for an order requiring husband to show cause why he should not be held in contempt. She asserted that, before the judgment, husband had "transferred his interest in various pieces of property to his parents for 'love and affection,' " and that "[o]n May 8, 1987 [husband] transferred the balance of the properties that he had with his parents as tenants in common to them for love and affection." She asserted that the pre-judgment transfers "made it impossible for [her] to levy on the judgment granted to [her] so that [she] can obtain a fair property settlement."

On March 23, 1988, the court held husband in contempt. ORS 33.010(1)(e). It made findings of fact and conclusions of law and issued this order:

"b) [Husband], in January of 1987, by deed, transferred to his parents his interest in various parcels of property determined to be an asset in this proceeding;[1]

---

[1] This finding appears to be erroneous, if the court meant that the properties, other than the house and land involved in the next finding, were determined to be marital assets. The dissolution proceeding did not involve them at all. However, wife's position is that husband's transfers, which he admits that he made, impeded or defeated her ability to have execution against them on her judgment.

"c)   [Husband] caused the 10 acre parcel upon which the residence is located to be encumbered by a Trust Deed dated 25 December 1984, acknowledged and placed of record in January 1987;

"d)   [Husband] was served with a copy of the Restraining Order entered June 11, 1986 and stipulated to the entry of the Restraining Order entered October 17, 1986;

"e)   [Husband] knew and understood the contents and prohibitions of the order entered June 11, 1986 and the order entered October 17, 1986.

"f)   [T]he acts of [husband] in January 1987 transferring his interest in and encumbering the real property determined to be an asset herein violated the order entered June 11, 1986 and order entered October 17, 1986;

"g)   [T]he conduct above described * * * was intentional and willful;

"(h)   [T]he conduct of [husband] was prejudicial to the rights and interests of [wife];

"(i)   That the conduct of [husband] was in contempt of the authority of this court and was in violation of ORS 33.010(1)(e).

"NOW, THEREFORE,

"IT IS HEREBY ORDERED AND ADJUDGED that [husband] is in Contempt of this court * * *.

"Sentencing is set for July 22, 1988 at 10:00 a.m.

"IT IS FURTHER ORDERED that [husband] may purge himself of this contempt by paying to [wife], through the Clerk of this Court, the Judgment of $30,000 awarded [wife] in paragraph 5 of the Decree entered June 8, 1987.

"If the judgment of $30,000 is paid as required, [husband] need not appear before this Court [on] July 22, 1988, and after payment upon motion of [husband] this court will enter an order dismissing the contempt proceedings."

Husband did not pay. On July 22, 1988, he was remanded to the custody of the Sheriff until he had satisfied the $30,000 judgment. We ordered a stay pending appeal.[2]

Husband argues that the trial court had no authority after the dissolution judgment was entered to try allegations

---

[2] After the filing of the notice of appeal, the trial court issued a "supplemental sentencing order," which we also stayed.

of contempt for violations of the *pendente lite* restraining orders. He cites *Ward v. Ward,* 156 Or 686, 68 P2d 763, 69 P2d 963 (1937). The trial court did not expressly characterize the contempt as "civil" or "criminal." The Supreme Court has

> "described a penalty for contempt as 'civil' when it is imposed in order to compel compliance with an order and will end as soon as the respondent complies, and as 'criminal' when it is imposed as punishment for a completed contempt that can no longer be avoided by belated compliance." *State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983).

Under *Thompson,* the findings and conclusions in this case describe a criminal contempt, but it is clear from the sanction imposed that the court intended to force husband to pay wife's judgment and thereby purge the contempt. ORS 33.020(1). We, therefore, treat the matter as a civil contempt. Entry of a final judgment, without any express provision to the contrary, terminates a *pendente lite* restraining order by definition. Consequently, the court had no authority to compel husband to do anything *after* the final judgment.[3] We need not decide whether the court could have held husband in criminal contempt.

Reversed.

---

[3] We note that all of husband's transfers could have lawfully been made after the judgment without any effect on the terms or effect of the dissolution judgment.