Argued and submitted December 14, 1990, reversed and remanded February 27, 1991

## STATE OF OREGON,
*Appellant,*

*v.*

## GARY STOLZ,
*Respondent.*

(89-15240; CA A64816)

806 P2d 715

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Zack M. Lorts, Oregon City, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant was charged with resisting arrest. ORS 162.315. The state appeals from an order dismissing the charge on the ground of former jeopardy. We reverse.

On December 5, 1989, Deputy Sheriff Carpenter went to defendant's residence and served him with a restraining order that required him to leave the premises immediately. Defendant called the order "ridiculous" and tried to close the door, but Carpenter prevented him from doing so. Defendant was given permission to telephone his attorney, and he tried unsuccessfully to reach him. Carpenter again told defendant that he must leave the house immediately and gave him 15 minutes to gather his possessions. Defendant argued with Carpenter and shouted that he was not leaving. Carpenter then told defendant that he was under arrest for violating the restraining order. As Carpenter began to take defendant into custody, defendant tried to strike him. At about that time a second officer arrived, and the two officers struggled with defendant. Eventually, they were able to handcuff him and remove him from the residence. A second struggle ensued at the patrol car, when defendant struck Carpenter in the head with his elbow.

On December 20, 1989, defendant appeared on the charge of criminal contempt for violating the restraining order and was acquitted.[1] On February 23, 1990, he moved to dismiss the charge of resisting arrest on the ground of former jeopardy. At the conclusion of the hearing, the trial court said:

> "I find, further, that the [December 20] proceeding * * * was a criminal contempt proceeding. I find that the defendant was furthering his purpose in staying in the house by refusing to submit to the lawful arrest of the police officer. And I find that the resisting arrest charge and the violation of the restraining order are so closely linked that the account of one charge is not complete without the details of the other charge. Having so found, I'm going to grant the defendant's motion to dismiss."

ORS 131.515 provides a non-constitutional basis for determining when a prosecution for one charge will bar a

---

[1] The state concedes that the hearing resulted in an adjudication that defendant did not violate the restraining order.

subsequent prosecution for another charge. ORS 131.515(2) provides:

"No person shall be separately prosecuted for two or more offenses based upon the *same criminal episode,* if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court." (Emphasis supplied.)

The state argues that the trial court erred in dismissing this case on former jeopardy grounds, because defendant's violation of the restraining order and his subsequent resistance to being arrested were not part of the same criminal episode.

"Criminal episode" is defined in ORS 131.505(4) as

"continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstance that such conduct is directed to the accomplishment of a single criminal objective."

In *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975), the Supreme Court held that "criminal episode" is synonymous with "same act or transaction" in ORS 132.560(2).[2] The court then applied the test originally formulated in *State v. Fitzgerald,* 267 Or 266, 273, 516 P2d 1280 (1973):

"[T]wo charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge."

The court construed that test to require joinder "only where the facts of each charge can be explained adequately only by drawing upon the facts of the other charge. Stated differently, the charge must be cross-related." *State v. Boyd, supra,* 271 Or at 566.

---

[2] *Former* ORS 132.560(2) related to permissive joinder of charges and, when *Boyd* was decided, provided:

"When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The elements of resisting arrest are stated in ORS 162.315(1):

"A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer in making an arrest."

Details of the offense underlying an arrest are not required to be shown to prove any element of resisting arrest.[3] Neither is any element of violating a restraining order necessary for proof of resisting arrest. The elements of the two charges are different, and the necessary facts of each charge can be adequately shown without reference to the facts of the other. In the language of *Boyd,* the two charges are not "cross-related." Even if some details of defendant's violation of the restraining order are *admissible* at trial on the resisting arrest charge, that does not mean that the charges must be joined. *State v. Nguyen,* 95 Or App 653, 656, 771 P2d 279 *rev den* 308 Or 142 (1989).

Defendant claims that he persisted in his determination not to leave the residence before and after his arrest and that his persistance requires a finding that he had a single criminal objective. We are not persuaded. As the Supreme Court said in *State v. Kessler,* 297 Or 460, 465, 686 P2d 345, *rev den* 308 Or 142 (1984):

"[T]he test of a single criminal objective is no panacea. People have goals for the long, medium, or short term, and the objective of the immediate act often is pursued as a step toward a more distant goal. One may have fully achieved the immediate goal of the particular offense committed toward a victim, although one has not gained one's wider objective."

Whatever defendant's overall objective might have been, it is clear that his immediate objective upon being taken into custody was to resist arrest. Further, the facts demonstrate that

---

[3] Indeed, a defendant may not question whether the arrest was lawful. ORS 162.315(3) provides:

"It is no defense to a prosecution under this section that the peace officer lacked legal authority to make the arrest, provided the peace officer was acting under color of official authority."

Neither may a defendant deny knowledge that the officer was making an arrest. A defendant's knowledge that the officer is making an arrest is not one of the elements of the offense defined by ORS 162.315. *See State v. Toelaer,* 70 Or App 164, 166, 688 P2d 124 (1984).

defendant continued to resist the arrest by acts that occurred *outside* the residence as he was being placed in the patrol car.

We also reject defendant's argument that the conduct leading to the two charges took place contemporaneously and, therefore, must be considered as a single criminal episode. Defendant's conduct was composed of consecutive rather than simultaneous acts. ORS 131.515(2) does not require joinder of charges merely because they coincide in time, *State v. Paquin,* 55 Or App 676, 680, 639 P2d 694, *rev den* 292 Or 863 (1982), or because they occur closely consecutively in time.

We conclude that violating the restraining order and resisting arrest were not part of the same criminal episode and that ORS 131.515(2) does not require their joinder. The trial court erred in allowing the motion for dismissal on the ground of former jeopardy.

Reversed and remanded.