Argued and submitted February 3, resubmitted In Banc July 14, reversed and remanded for new trial September 15, reconsideration denied December 15, 1993, petition for review denied January 18, 1994 (318 Or 326)

# STATE OF OREGON,
*Appellant,*

*v.*

# DAVID DEAN DELKER,
*Respondent.*

## (91-424; CA A69965)

858 P2d 1345

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Richard Wolf, Oregon City, argued the cause and filed the brief for respondent.

DEITS, J.

Reversed and remanded for new trial.

**DEITS, J.**

Defendant was charged with two counts each of arson in the first degree, ORS 164.325, burglary in the first degree, ORS 164.225, criminal mischief in the first degree, ORS 164.365, and one count of assault in the fourth degree, ORS 163.160. The state appeals from an order dismissing the indictment on the ground of former jeopardy. We reverse and remand for trial.

Defendant's estranged wife had a restraining order prohibiting defendant from, in any manner, "molesting, interfering with or menacing" her or their minor children and barring him from her apartment. On February 21, 1991, defendant and his estranged wife celebrated her birthday together with a night out on the town. They were together until approximately 2:15 a.m., when, at her apartment, a fight ensued and defendant allegedly assaulted her. The police were called and defendant's wife was taken to the hospital. At about 3:45 a.m., defendant allegedly returned to his wife's apartment, unlawfully entered the apartment and started a fire.

While the criminal charges in this case were pending, wife started a criminal contempt proceeding against defendant for violating the restraining order. Defendant was found in criminal contempt and was sentenced to six months in jail. Following his contempt conviction, defendant moved to dismiss the criminal charges on the statutory ground of former jeopardy, asserting that those crimes and the conduct for which he was held in criminal contempt were part of the same criminal episode. The trial court granted defendant's motion.

Oregon's former jeopardy doctrine is codified at ORS 131.515:

"(1)  No person shall be prosecuted twice for the same offense.

"(2)  No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

Subsection (1) of the above statute is consistent with the constitutional prohibition against former jeopardy contained in Article I, section 12, of the Oregon Constitution. Subsection (2) provides greater protection for criminal defendants by requiring that all known charges arising out of the same criminal episode be prosecuted together. *State v. Nguyen*, 95 Or App 653, 656, 771 P2d 279, *rev den* 308 Or 142 (1989); *See also State v. Ellison*, 301 Or 676, 725 P2d 363 (1986). Under ORS 131.515(2), separate prosecutions for distinct offenses are barred only if: (1) the separate prosecutions are for two or more offenses that are part of the same criminal episode; (2) the offenses were known to the appropriate prosecutor at the commencement of the first prosecution; and (3) venue was proper in a single court. *State v. Crumal*, 62 Or App 156, 659 P2d 977 (1983).

The trial court dismissed the criminal charges against defendant on the basis of former jeopardy finding that all seven criminal charges were prosecuted in the criminal contempt proceeding. The state argues that the court's finding is not supported by the record. We are bound by the trial court's findings of fact, if they are supported by the appropriate record. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). The trial court based its decision on the record of the contempt hearing and the sentencing proceeding. A criminal contempt proceeding is a prosecution for purposes of former jeopardy and, therefore, the trial court was correct in relying on that proceeding. *State v. Thompson*, 294 Or 528, 659 P2d 383 (1983). However, a sentencing proceeding is not a prosecution for purposes of former jeopardy. *Cf. State v. Montez*, 309 Or 564, 604, 789 P2d 1352 (1990). In deciding that former jeopardy barred prosecution of defendant on the criminal charges, the trial court relied in part on comments made in the sentencing proceeding. That was error.

Defendant has the burden to prove all of the elements of former jeopardy. *State v. Lowery*, 95 Or App 583, 770 P2d 923 (1989). We conclude that defendant failed to carry his burden to prove that he was prosecuted in the earlier proceeding for the criminal charges. The contempt proceeding was very short, resulting in only five pages of transcript. The pertinent portions of that transcript establish that the court found defendant guilty of criminal contempt because he

admitted that he had contact with his wife and was at her apartment:

"THE COURT: Have a seat please. Mrs. Delker, was there — obviously there was an arrest on a violation?

"MRS. DELKER: Yeah.

"THE COURT: What happened?

"MRS. DELKER: He broke in through my bedroom window and caught my apartment on fire.

"THE COURT: Are there other criminal charges that are being investigated?

"MRS. DELKER: Yes.

"* * * * *

"THE COURT: Well, [defendant], you do have a right not to say anything about the criminal charges that are pending against you. Anything you would say here would be on the record under oath and could be used against you in any criminal proceedings.

"[DEFENDANT]: I'm aware of that.

"THE COURT: So I think the thing to do is continue custody status until you have a chance to talk with [your lawyer] about the charges.

"[DEFENDANT]: I have talked to him about it. I wanted to point out something that it was mentioned in the police investigation where my wife * * * admits to lying about — to the police about the restraining order. And *we had been out the night that this supposedly happened together and I was — it was my understanding we were making a reconciliation of the matter. As it turned out, it seems like I was set up to be there to be charged with these other things for violating the restraining order.*

"THE COURT: *Well, [defendant], as long as there is a restraining order, it's subject to being enforced. Unfortunately sometimes people don't always — aren't always strict in enforcing it. But if you were on the premises where you weren't supposed to be, that is a violation of the restraining order.*

"[DEFENDANT]: *I'm not denying that.*

"THE COURT: Okay.

"[DEFENDANT]: I feel like I was put into that position. She made me think * * * we were going to reconcile — you know, the misunderstanding that brought on this

restraining order. And then I get over there and the whole thing turns around and the next thing I know the police are there chasing after me. I felt like I was victimized here. I have the papers right here where she admits that she lied to the police about the whole incident for the whole night.

"THE COURT: *Well, I will find that you did violate the restraining order by being on the premises described in the order and having contact with the petitioner.*" (Emphasis supplied.)

The contempt court found that defendant violated the restraining order by being at his estranged wife's apartment and having contact with her. The record of the contempt hearing does not show that the conduct that the contempt court found violated the restraining order was the same conduct that constituted any of the criminal charges in this case. This is in contrast to the situation in *State v. McIntyre*, 94 Or App 240, 764 P2d 972 (1988), where the contempt court specifically found that the defendant had violated the restraining order on three different occasions and his conduct on one of these occasions was also the basis of the criminal charge. Prosecution of the criminal charges here will not violate ORS 131.515(1), because defendant did not prove that this prosecution is for the same offense for which he was found in criminal contempt.

■ Alternatively, defendant argues that the conduct for which he was found in contempt was part of the same criminal episode as the criminal charges here and that these separate prosecutions violate ORS 131.515(2). We conclude that prosecution of defendant for the criminal offenses will not violate ORS 131.515(2), because the criminal charges did not involve conduct that was part of the "same criminal episode" as the criminal contempt charge.

"Same criminal episode" is defined in ORS 131.505-(4) as

"continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

It is synonymous with "same act or transaction." *State v. Boyd*, 271 Or 558, 565-66, 533 P2d 795 (1975). In *State v.*

*Fitzgerald*, 267 Or 266, 273, 516 P2d 1280 (1973), the court said:

> "We hold that the two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge."

In *State v. Stolz*, 106 Or App 144, 147, 806 P2d 715 (1991), we considered whether the defendant's acquittal on a criminal contempt charge for violating a restraining order barred his later prosecution for resisting arrest. We said that, under ORS 131.512(2), charges must be joined "only where the facts of each charge can be explained adequately only by drawing upon the facts of the other charge. Stated differently, the charges must be cross-related." We explained:

> "Details of the offense underlying an arrest are not required to be shown to prove any element of resisting arrest. Neither is any element of violating a restraining order necessary for proof of resisting arrest. The elements of the two charges are different, and the necessary facts of each charge can be adequately shown without reference to the facts of the other. In the language of *Boyd*, the two charges are not "cross-related." *Even if some details of defendant's violation of the restraining order are admissible at trial on the resisting arrest charge, that does not mean that the charges must be joined*." 106 Or App at 148. (Emphasis supplied; footnote omitted.)

Here, the restraining order prohibited defendant from "molesting, interfering with or menacing" his wife and it barred him from her apartment. As the contempt court found, he knowingly violated the restraining order by contacting her and being on her premises on February 21, 1991. No other evidence was necessary to prove the criminal contempt charge. Certainly, proof of the elements of burglary, arson, assault or criminal mischief were not necessary to prove the contempt charge. Proof of the offense of burglary requires proof that defendant entered or remained unlawfully in a dwelling with the intent to commit a crime. ORS 164.225. Arson in the first degree requires proof that defendant intentionally damaged, by fire or explosion, the protected property of another. ORS 164.325. Assault in the fourth degree requires proof that defendant intentionally, knowingly or recklessly caused physical injury to a person.

ORS 163.160. Criminal mischief requires proof that defendant intentionally caused damage to property. ORS 164.365. Defendant's violation of the restraining order and the criminal charges here are not cross-related.

Defendant's commission of the offenses in the indictment and his violation of the restraining order occurred independently and were not part of a continuous and uninterrupted course of conduct and have wholly different elements. The contempt proceeding does not bar the prosecution of defendant for burglary, arson, assault and criminal mischief under ORS 131.515(2).

Reversed and remanded for a new trial.

**RIGGS, J.,** concurring in part; dissenting in part.

I agree that former jeopardy does not apply to six of the seven counts with which defendant was charged. However, in regard to Count IV, which stems from defendant's alleged burglary of his wife's apartment at 3:45 a.m., the majority errs.

The majority states that:

"The record of the contempt hearing does not show that the conduct that the contempt court found violated the restraining order was the same conduct that constituted any of the criminal charges in this case. This is in contrast to the situation in *State v. McIntyre*, 94 Or App 240, 764 P2d 972 (1988), where the contempt court specifically found that the defendant had violated the restraining order on three different occasions and his conduct on one of these occasions was also the basis of the criminal charge." 123 Or App at 134.

The record of the contempt court shows that it found that defendant entered his wife's apartment through the window at 3:45 a.m. The contempt court held that defendant "did violate the restraining order by being on the premises described in the order and having contact with the petitioner." The finding that defendant was on the premises could only be based on Mrs. Delker's testimony that defendant "broke in through my window" because that testimony was the only evidence that defendant entered the premises. The allegation that defendant entered Mrs. Delker's apartment through the window was the basis for Count IV, the

burglary charge. Therefore, double jeopardy applies. *State v. McIntyre*, 94 Or App 240, 244, 764 P2d 972 (1988).

In order to reach its conclusion that the contempt court only found that defendant was on the premises, 123 Or App at 134, the majority ignores *State v. McIntyre*. In *McIntyre*, the contempt court heard evidence that defendant violated a restraining order on three separate occasions, including one incident in which he burglarized the premises described in the restraining order on June 9, 1986. Evidence of the burglary was before the contempt court. The contempt court found that the defendant "did violate the order and particularly the incident that seems most clear is his contact [June 9, 1986]." This "contact," the burglary, was the basis for a subsequent criminal charge.

In *McIntyre*, when the defendant appealed his conviction for that burglary on the ground that it had been previously litigated, the state argued that the contempt court did not necessarily base its holding on the burglary. We were not persuaded by that argument. Instead, we held that the burglary "logically had to be included" as one of the three incidents that the contempt court found violated the restraining order. 94 Or App at 244. Here, because the only evidence that defendant was on the premises was Mrs Delker's testimony that he broke in through the window, that fact was logically included as one of the incidents that the contempt court found. There is no principled way in which *McIntyre* can be distinguished from the case at bar. Nor is there a satisfactory explanation for why the majority now relies on an argument that closely tracks the same argument we found unpersuasive in *McIntyre*. I would find that Count IV was litigated in the contempt proceeding.